UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **DRUE ALLEN HOLLIS** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:22-cv-608-P** |
| | § | |
| **DANIEL ROUSCH** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DISMISSAL OF PLAINTFF'S CLAIMS AND RETURNING CASE TO DISTRICT JUDGE

On July 18, 2022, *pro se* Plaintiff Drue Allen Hollis ("Hollis") filed, *inter alia*, a handwritten Original Complaint [doc. 1] against Daniel Rousch.[1] In an order dated July 19, 2022, Hollis was granted permission to proceed In Forma Pauperis ("IFP"). Thereafter, on August 8, 2022, Plaintiff filed a "Notice of Related Cases and First Amended Original Complaint." The Court, on August 29, 2022, entered an Order Directing Plaintiff to File a Form Amended Complaint, ordering Hollis to file an amended complaint no later than September 12, 2022. Thereafter, on September 14, 2022, Hollis filed a "Second Amended Original Complaint."

The Court notes that all three complaints filed by Hollis are essentially identical and that Hollis is suing Defendant for "seven hundred and thirty decillion dollars" for violations of "42 U.S.C. section 1975(c), Balanced Budget and Emergency Deficit Control Act of 1985 under the Torture Victim Protection Act of 1991." (Plaintiff's Second Amended Original Complaint at 1-2.) Hollis also claims that Defendant "acted in violation of the Congressional Budget Act of 1974 by accepting payment from Plaintiff specific to acting or furtherance of a known conspiracy to

---

[1] The Court notes that it Hollis is a serial filer as this is the seventh case Hollis has filed in the United States District Court for the Northern District of Texas since October 12, 2021. If Hollis continues to file any further cases that are assigned to the undersigned, the Court may evaluate whether to recommend to the District Judge that Hollis should be sanctioned and found to be a vexatious litigant.

1

defraud the United States through Medicare and creating an additional exposure for Plaintiff that otherwise would not exist." (*Id.* at 1.)

Section 1915 of Title 28 of the United States Code sets forth provisions for claimants proceeding IFP. Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall, *sua sponte*, dismiss a case proceeding IFP if the court determines that it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law of fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief about the speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (quoting *Bell Atl. Corp.*, 550 U.S. at 550).

After reviewing Plaintiff's Second Amended Original Complaint, the Court finds and concludes that it does not articulate a coherent claim for which the Court could offer redress and is devoid of factual support. While Hollis's pleadings, because Hollis is proceeding *pro se*, are entitled to more lenient scrutiny than pleadings drafted by lawyers, no amount of liberal construction could result in a legally cognizable claim. *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). Moreover, Plaintiff has had more than one opportunity to file a complaint that is not frivolous and states a claim upon which relief can be granted. Consequently, based on the Second Amended Original Complaint, which is the live pleading before this Court, the Court is left with no choice but to recommend dismissal of Plaintiff's claims against Defendant

for being frivolous and failing to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Based on the foregoing, the Court **RECOMMENDS** that the above-styled and numbered cause be **DISMISSED** for the reasons set forth above.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted **until October 5, 2022** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed

3

and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 21, 2022.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

4